IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 14-00511 HG-01 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| GREGORY MICHAEL SADIE, | ) ) | |
| Defendant. | ) ) ) | |

**ORDER DENYING DEFENDANT GREGORY MICHAEL SADIE'S MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE) (ECF No. 37)**

Defendant is currently incarcerated at the Federal Correctional Institute Beaumont Low in Texas with a projected release date of October 31, 2023.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.  He claims that he has medical conditions that place him at high risk of suffering serious complications should he contract the virus.

The Government opposes Defendant's Motion.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Considering the totality of the circumstances, the Court finds that Defendant's release is not appropriate.  Defendant has not established that his obesity and the threat of exposure to COVID-19 constitutes an extraordinary and compelling reason to

1

reduce his sentence.

In addition, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not support Defendant's release.  Defendant committed the instant drug offense while he was on supervised release for another federal felony drug trafficking crime.  Defendant has a serious criminal history involving trafficking large quantities of cocaine and methamphetamine in the community.

Defendant's MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE) (ECF No. 37) is **DENIED**.

## PROCEDURAL HISTORY

### I. PROCEDURAL HISTORY OF DEFENDANT'S PREVIOUS FEDERAL DRUG CONVICTION AND SUPERVISED RELEASE VIOLATION IN 08-CR-00060 HG-02

On March 3, 2008, Defendant pled guilty and was sentenced for his role in a drug trafficking conspiracy in United States v. Gregory Michael Sadie, 08-cr-00060 HG-02.  (ECF Nos. 11, 37).

Defendant was convicted of one count of Conspiracy To Possess With Intent To Distribute And Distribution Of 500 Grams Or More Of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(B).  (Judgment, ECF No. 38).

Defendant was held accountable for 1,005 grams of cocaine, along with $196,985 in drug proceeds, and sentenced to a term of 55 months imprisonment and 4 years of supervised release.  (Id.)

On October 28, 2011, Defendant began serving his 4-year term

of supervised release.

In September 2013, while on supervised release, Defendant was arrested for his involvement in another drug trafficking conspiracy.  (Request for Course of Action at p. 4, ECF No. 82).

## II. PROCEDURAL HISTORY OF DEFENDANT'S SECOND FEDERAL DRUG CONVICTION IN 14-CR-00511 HG-01 AND CURRENT TERM OF INCARCERATION

Following his arrest for his involvement in a second drug trafficking conspiracy while on supervised release, the Government filed an Information on May 14, 2014.  Defendant Sadie was charged with one count of Conspiracy to Distribute and Possess with Intent to Distribute Five-Hundred (500) Grams or More of Methamphetamine.  (Information in United States v. Sadie, 14-cr-00511 HG-01, ECF No. 17).

On May 20, 2014, Defendant pled guilty to the Information pursuant to a Plea Agreement.  (ECF Nos. 22, 23, 24, 25, 26, 28).

Defendant was held responsible for 3,010.25 grams of "ice" (highly pure methamphetamine), 5,072.3 grams of generic methamphetamine, and 170.01 grams of cocaine.  (Presentence Report at ¶ 37, ECF No. 31).

At the time of sentencing, Defendant was in Criminal History Category III and had a total offense level of 33 for a sentencing guidelines recommended sentence of 168 to 210 months imprisonment.  (Id. at p. 27).

Defendant was sentenced to 168 months imprisonment followed

3

by a term of supervised release of 5 years.  (ECF No. 33).

On August 13, 2015, the Court reduced Defendant's sentence to 140 months imprisonment.  (ECF No. 35).

On June 22, 2020, Defendant filed MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE).  (ECF No. 37).

On July 8, 2020, the Government filed its Opposition.  (ECF No. 42).

On July 15, 2020, Defendant filed his Reply.  (ECF No. 43).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his

4

request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)   extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  In order to file a motion for compassionate release directly with the court, defendant must have either:

    (1)  "fully exhausted all administrative rights" with the Bureau of Prisons; or,

    (2)  filed his motion with the court after "the lapse of 30

5

          days from the receipt of such a request by the warden
          of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A); <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020).

The requirement that a defendant first file a request for compassionate release with the BOP or the warden of the defendant's facility is a mandatory rule. <u>United States v. Alam</u>, 960 F.3d 831, 832-34 (6th Cir. 2020). The defendant must either "fully exhaust" his request with the BOP or wait 30 days from the date of filing his request with the warden before the Court may consider a request for compassionate release. <u>See</u> <u>United States v. Haney</u>, ___ F.Supp.3d ___, 2020 WL 1821988, *3 (S.D.N.Y Apr. 13, 2020) (explaining the statute "requires the defendant <u>either</u> to exhaust administrative remedies <u>or</u> simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court").

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider his motion for compassionate release. On May 18, 2020 and June 1, 2020, Defendant submitted requests for compassionate release to the warden of the Federal Correctional Institute ("FCI") at Beaumont Low. (Inmate Requests dated May 18, 2020, denied on May 29, 2020, second submission dated June 1, 2020, at p. 4, attached as Ex. B to Def.'s Motion, ECF No. 37-4). More than thirty days have lapsed since the Defendant submitted his request which allows the Court to consider Defendant's Motion

pursuant to 18 U.S.C. § 3582(c)(1)(A).

### B. Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A)  Extraordinary and compelling reasons warrant the reduction; or
>
> (B)  The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2)  The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)  The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c).  Defendant is only entitled to relief if he demonstrates:

(1) extraordinary and compelling reasons warrant a sentence reduction;

(2) he is not a danger to the safety of others or the community; and,

(3) any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### 1. Extraordinary And Compelling Reasons Are Required To Warrant Sentence Reduction

The Sentencing Commission's application note for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons."  The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's comment explains that extraordinary and compelling reasons exist when:

(A) **Medical Condition of the Defendant.**–

  (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant is 44 years old. Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant his immediate release from incarceration. United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020). Defendant has failed to do so.

Defendant's general concerns about potential exposure to COVID-19 at the FCI Beaumont Low do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, ___ F.Supp.3d ___, 2020 WL 1450745, *2 (N.D. Cal. Mar. 25, 2020); United States v. Carver, ___ F.Supp.3d ___, 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19, including people with chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised. See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

Defendant does not have any diagnosis of chronic lung disease, moderate or serious asthma, serious heart conditions, chronic kidney disease requiring dialysis, or diabetes. There is no evidence that Defendant is immunocompromised.

Defendant's medical records indicate that in February 2016

10

Defendant had an "abnormal liver function study."  (BOP Medical Records at p. 5, attached as Ex. A to Def.'s Motion, ECF No. 40).  Defendant concedes that it was "resolved" that same year in December 2016.  (Reply at p. 2, n.1, ECF No. 43).

Defendant's medical records reflect that he has obesity and high blood pressure.  Defendant is prescribed amLODIPine to treat high blood pressure, and he is also prescribed eye drops and an antihistamine to treat allergies.  (BOP Medical Records at p. 1, attached as Ex. A to Def.'s Motion, ECF No. 40).  Defendant's medical records reflect that as of August 2019, Defendant had a Body Mass Index between 45.0-49.9.  (Def.'s Reply at p. 3, ECF No. 43; BOP Medical Records at p. 3, attached as Ex. A to Def.'s Motion, ECF No. 40).  Defendant has not provided an updated Body Mass Index within the last year.

The Court agrees with the numerous courts that have found that obesity, even when paired with high blood pressure, does not by itself provide adequate grounds for compassionate release.  See United States v. Souza-Holloway, Crim. No. 19-00007 JMS-01, 2020 WL 4588525, *3 n.4 (D. Haw. Aug. 10, 2020) (collecting cases).

Defendant is 44 years old and has not demonstrated that he has a medical condition that is so severe as to warrant immediate release.  Conditions that can be managed in prison are not a basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).

Defendant's Motion also argues for immediate release based on sleep apnea. Defendant has not demonstrated that this condition supports a basis for immediate release.

Defendant does not have a current medical condition that is terminal or substantially diminishes his ability to provide self-care within the environment of a correctional facility. U.S.S.G. § 1B1.13 cmt. n.1(A)(i-ii).

### 2. Release Is Not Available If Defendant Poses A Danger To The Safety Of Others And The Community

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) sentencing factors do not weigh in favor of a reduced sentence. The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed. The nature and circumstances of Defendant Sadie's offense weigh in favor of his 140-month sentence.

Defendant was sentenced while in Criminal History Category III based on a prior felony drug trafficking conviction involving large quantities of cocaine in 2008 in United States v. Gregory Michael Sadie, 08-cr-00060 HG-02. While on supervised release for his last federal drug crime, Defendant conspired to

distribute large quantities of both cocaine and methamphetamine, which resulted in his current period of incarceration. (Presentence Report in 14-cr-00511 HG-01, at p. 14, ECF No. 31).

Defendant's repeated involvement in drug trafficking of large quantities of dangerous drugs, lack of rehabilitation, and poor record of behavior on supervised release demonstrate that he poses a danger to the safety of others and the community.

Defendant's immediate release is not appropriate considering the totality of the circumstances.

## CONCLUSION

Defendant's MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE) (ECF No. 37) is **DENIED**.

IT IS SO ORDERED.

Dated: August 18, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Gregory Michael Sadie, Crim. No. 14-00511 HG-01; **ORDER DENYING DEFENDANT GREGORY MICHAEL SADIE'S MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE) (ECF No. 37)**